# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

NAKIA BASKERVILLE Individually,

        Plaintiff,

vs.

ALBERTSON'S, LLC a foreign limited liability company; et.al.,

        Defendants.

Case No. 2:15–cv–902–JAD–VCF

**ORDER**

MOTION FOR SANCTIONS FOR PLAINTIFF'S SPOLIATION OF EVIDENCE AND FAILURE TO COMPLY FED. R. CIV. P. 37 (DOC. #18)

        This matter involves Plaintiff Nakia Baskerville's civil action against Albertson's, LLC. Before the court is Albertson's Motion for Sanctions for Plaintiff's Spoliation of Evidence and Failure to Comply with Fed. R. Civ. P. 37 (Doc. #18) and Baskerville's response (Doc. #19). For the reasons stated below, Albertson's motion is granted in part and denied in part.

## I. BACKGROUND

        The instant motion arises from a dispute regarding an independent medical examination (IME). Baskerville was scheduled to undergo right-side, L4-5 spinal surgery on September 22, 2015. (Doc. #18 at 8). The parties agreed that on September 18, 2015, Baskerville would undergo an IME. *Id*. At approximately 3:00pm on September 17, 2015, Baskerville's counsel notified Albertson's counsel that, unless there was a stipulation not to seek an IME after the September 22 surgery, Baskerville would not attend the September 18 IME. *Id*. The parties were unable to reach an agreement regarding post-surgery IMEs. *Id*. Baskerville did not attend the September 18 IME. *Id*. Baskerville underwent her right-side, L4-5 spinal surgery on September 22. *Id*. Albertson's alleges that Baskerville failed to preserve pre-surgery evidence that would have been adduced had Baskerville attended the September 18 IME, as originally agreed. *Id*.

## II. LEGAL STANDARD

"Spoliation of evidence is defined as 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" *Lemus v. Olavson*, No. 2:14-cv-1381-JCM-NJK, 2015 WL 995378, at * 8 (D. Nev. March, 5, 2015) (internal citations omitted) "'[Parties] engage in the spoliation of documents as a matter of law only if they had some notice that the documents were potentially relevant to the litigation before they were destroyed.'" *Id*.

"The party seeking spoliation sanctions has the burden of establishing the elements of a spoliation claim." *Id*. (citing *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 626 (C.D.Cal. 2013)). "The party seeking sanctions based on spoliation of evidence must establish that: (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Id*.

"[A] spoliation remedy requires some degree of culpability." *Id*. "[P]rior to imposing sanctions, the court must first make a finding of fault" *Id*. A court "may impose sanctions even against a spoliating party that merely had 'simple notice of 'potential relevance to the litigation.'" *Reinsdorf v. Sketchers U.S.A., Inc.*, 296 F.R.D. 604, 626 (C.D.Cal. 2013). "'[A] party's motive or degree of fault in destroying evidence is relevant to what sanction, if any, is imposed.'" *Id*.

## III. DISCUSSION

The parties present two questions: (1) whether Baskerville's failure to attend her September 18 IME constituted a spoliation of evidence and (2) if Baskerville spoiled evidence, what is the appropriate sanction.

1. **BASKERVILLE'S FAILURE TO ATTEND THE SEPTEMBER 18 IME CONSTITUTED A SPOLIATION OF EVIDENCE**

Albertson's contends that Baskerville "knowingly and irreversibly deprived Defendant the opportunity to independently examine the most important piece of tangible evidence in this litigation." (Doc. #18 at 13). Baskerville argues that Albertson's failed to meet its burden to show that Baskerville should be sanctioned for spoliation of evidence. (Doc. #19 at 4-6).

   a. *Baskerville Was Obligated to Preserve Evidence of Her Pre-Surgery Spinal Condition*

Baskerville argues that Albertson's was well aware of her surgery date and presents alternatives Albertson's could have used to obtain information about the pre-surgery condition of Baskerville's spine. (Doc. #19 at 5). Baskerville does not, however, assert she did not have an obligation to preserve evidence of the pre-surgery condition of her right-side, L4-5. *Id.* The court finds, that upon agreeing without condition to attend a pre-surgery IME, Baskerville was obligated to preserve evidence of the pre-surgery condition of her right-side, L4-5.

As of September 1, 2015, Baskerville was on notice that Albertson's wanted an IME to preserve evidence of the pre-surgery condition of Baskerville's right-side, L4-5. (Doc. #18 at 8). Baskerville agreed to undergo the IME so that Albertson's could preserve evidence of the pre-surgery condition of her right-side, L4-5. Baskerville's failure to attend the September 18 IME and subsequent spinal surgery destroyed pre-surgery information she was obligated to preserve.

   b. *Baskerville Was at Fault for her Failure to Preserve the Pre-Surgery Condition of her Right-Side, L4-5*

Baskerville contends that Albertson's failed to present evidence that she acted with a culpable state of mind when Baskerville failed to attend the September 18 IME. (Doc. # 19 at 6-7).

Baskerville fails to explain why she waited until September 17, the day before her scheduled IME, to impose an additional condition regarding post-surgery IMEs and to object to Albertson's examiner. Baskerville also fails to explain why she conditioned her attendance at the September 18 IME on Albertson's stipulation not to seek a post-surgery IME. Baskerville could have objected to Albertson's examiner before she stipulated to her September 18 IME. Baskerville also could have moved for a protective order if Albertson later sought a post-surgery IME. Baskerville instead frustrated Albertson's efforts to preserve evidence of the pre-surgery condition of her right-side, L4-5 the day before her scheduled IME. The court finds that Baskerville is at fault for the loss of evidence of the pre-surgery condition of her right-side, L4-5.

        c. *The Pre-Operation Condition of Baskerville's Spine is Relevant to Albertson's Defense*

Baskerville contends that the pre-surgery condition of her spine is not relevant because Albertson's examiner, Dr. Duke, only performs pre-surgery examinations at the request of defendants' counsel. (Doc. #19 at 6-7). The court finds that Baskerville's pre-surgery spinal condition is relevant to Albertson's defense that the surgery was not the result of the incident that gave rise to the instant action.

Alberton's contends that Baskerville's September 22 spinal surgery was necessitated by Baskerville's 2012 slip and fall accident rather than the incident that gave rise to the instant action. Albertson's sought an IME to aid its defense with respect causation and damages. The pre-surgery condition of Baskerville's right-side, L4-5 is thus relevant to Albertson's defense.

**2.**      <u>**The Trial Judge Should Determine the Appropriate Sanction**</u>

Albertson's argues that an appropriate sanction is the exclusion of "all testimony based on and reasonably related to plaintiff's right-sided L4-5 microdiscectomy surgery, including all testimony regarding plaintiff's claim for future lumbar-related care from trial." (Doc. #18 at 23).

"A trial court's discretion regarding the form of a spoliation sanction is broad, and can range from minor sanctions, such as the awarding of attorneys' fees, to more serious sanctions, such as dismissal of claims or instructing the jury that it may draw an adverse inference." *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 888 F.Supp. 2d 1132, 1135 (N.D.Cal. 2012). This court is ill-equipped to impose the exclusionary sanction Albertson's requests. If this case proceeds to trial, the trial judge will be in the best position to impose the appropriate sanction for Baskerville's spoliation of evidence.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Albertson's Motion for Sanctions (Doc. #18) is GRANTED in part, and DENIED in part.

IT IS FURTHER ORDERED that Albertson's Motion for Sanctions is GRANTED to the extent that the court finds that Baskerville caused the loss of evidence of the pre-surgery condition of Baskerville's right-side, L4-5.

IT IS FURTHER ORDERED that Albertson's Motion for Sanctions is DENIED, without prejudice, as to its request to exclude "all testimony based on and reasonably related to plaintiff's right-sided L4-5 microdiscectomy surgery, including all testimony regarding plaintiff's claim for future lumbar-related care from trial." The appropriate sanction is best determined by Judge Dorsey, should this case proceed to trial.

IT IS SO ORDERED.

DATED this 7th day of January, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE