UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

NAKIA BASKERVILLE,

        Plaintiff,

vs.

ALBERTSON'S LLC; *et.al.*,

        Defendants.

Case No. 2:15–cv–902–JAD–VCF

**ORDER**

Before the court are Baskerville's motion to strike (ECF No. 32), Albertson's response (ECF No. 37), and Baskerville's reply (ECF No. 38). For the reasons stated below, Baskerville's motion is granted.

## I. Discussion[1]

1.    <u>Mr. Lane Swainston is a Proper Rebuttal Expert</u>

A rebuttal expert is "intended solely to contradict or rebut the evidence on the same subject matter identified" by the opposing party's initial expert. FED. R. CIV. P. 26(a)(2)(C)(ii). Rebuttal expert reports are not "the proper place for presenting new arguments." *R & O Const. Co. v. Rox Pro Intern. Group, Ltd.*, No. 2:09-cv-1749-LRH-LRL, 2011 WL 2923703 at *3 (D.Nev. July 18, 2011). "If the purpose of expert testimony is to contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one." *Amos v. Makita U.S.A.*, No. 2:09-cv-1304-GMN-RJJ, 2011 WL 43092 at* 2 (D.Nev. Jan. 6, 2011). "Rather, rebuttal

---

[1] Baskerville also argues that Albertson's expert, Mr. Lane Swainston, is not qualified as an expert witness under Federal Rule of Evidence 702. (ECF No. 32) As this court finds that Mr. Swainston's designation should be stricken as untimely under Federal Rule of Civil Procedure 37, it does not address this argument.

1

expert testimony is limited to new unforeseen facts brought out in the other side's case.*" R & O Const. Co.*, 2011 WL 2923703 at *3.

Baskerville contends that Alberston's expert, Mr. Lane Swainston, is not a proper rebuttal witness. (ECF No. 32) She argues, "Defendant waited to find out the specific opinions of Plaintiff's liability expert [Dr. Gary Presswood] and then obtained an expert to contradict his findings without conducting his own analysis." (*Id.*) Her characterization of Mr. Swainston is the very definition of a rebuttal witness. FED. R. CIV. P. 26(a)(2)(C)(ii). For good measure, this court has reviewed Mr. Swainston's report. It responds to each point raised in Dr. Presswood's report and does not introduce any new subject area. Mr. Swainston is a proper rebuttal expert.

2.  Mr. Swainston's Disclosure was Untimely

"Unless otherwise stipulated or ordered by the court, [an expert witness] disclosure must be accompanied by a written report." FED. R. CIV. P. 26(a)(2)(B).

"A party must make these disclosures at the time and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). "Absent a stipulation or a court order, the disclosure must be made … if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." *Id.*

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The sanction [under Rule 37(c)(1)] is automatic and mandatory unless the sanctioned party can show that its violation … was either justified or harmless." *R & O Const. Co.*, 2011 WL 2923703 at *3.

In their second stipulation to extend discovery deadlines, the parties agreed that rebuttal expert disclosure would be due on May 12, 2016. (ECF No. 17) No further extensions of this deadline were requested.

On or before October 11, 2015, Baskerville disclosed Dr. Presswood. On May 10, 2016, Dr. Presswood provided a supplemental report which included opinions rendered after he conducted a site inspection at the Albertson's location in question. Dr. Presswood did not produce any more reports after May 10, 2016. On May 12, 2016, Albertson's disclosed Mr. Swainston. Albertson's indicated that "Mr. Swainston's rebuttal report will be provided contingent on receiving the supplemental report of plaintiff's expert, Gary Presswood."[2] (ECF No. 37-1 at 14). On July 15, 2016, Albertson's provided Swainston's rebuttal report.

Baskerville does not dispute that on May 12, 2016, Albertson's designated Mr. Lane Swainston as its rebuttal expert. She does however argue that Albertson's designation was incomplete and thus improper. Baskerville notes that Swainston's disclosure was not accompanied by a rebuttal expert report. In its response, Albertson's does not dispute that Swainston's report was produced on July 15, 2016. (ECF No. 37) The company argues that the delay was substantially justified.

This court disagrees. The company argues, "Dr, Presswood's initial report contained no expert opinions regarding the floor slip resistance qualities in the area where this incident occurred because Dr. Presswood had neither inspected nor tested the flooring of the area." (*Id.* at 11) As a consequence, "there were no expert opinions [in the Oct. 11 report] that Mr. Swainston could have rebutted." (*Id.*) The company's argument is belied by Mr. Swainston's report itself.

---

[2] This court has reviewed the papers attached to the parties' filings and finds Albertson's reference to a "supplemental report" confusing. Dr. Presswood did not produce any supplement reports after May 10, 2016. After that date, which was two days before the rebuttal expert disclosure deadline, Mr. Swainston had all of Dr. Presswood's opinions.

The October 11 report detailed Dr. Pressman's opinions about supermarket floors in general and the safety precautions he observed on Albertson's surveillance video.  The May 10 report contained Dr. Presswood's post-inspection opinions; opinions absent from the October 11 report.  The body of Mr. Swainston's rebuttal report is approximately four pages long and it addressed both reports.  (ECF No. 32 at 47-51)  Of those four pages, approximately three and one-half pages rebut opinions raised in the October 11 report.  (*Id.*)  The remaining half page of the report is dedicated to rebutting opinions contained in the May 10 report.  (*Id.*)

Albertson's does not explain why it did not produce the bulk of Mr. Swainston's report when it disclosed him as a rebuttal expert.  Additionally, Albertson's does not explain why Mr. Swainston's needed approximately three months to draft four short paragraphs addressing the issues raised in Dr. Presswood's May 10 report.  Contrary to the company's argument, the Oct. 11 report did contain expert opinions that Mr. Swainston could, and did, rebut.  If it believed that Mr. Swainston needed more time to respond to the May 10 report, Albertson's could have requested an extension of the rebuttal expert deadline or produced a report and reserved the right to supplement.  It did neither.  Consequently, Alberton's has not shown its delay was substantially justified.[3]

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Baskerville's motion to strike (ECF No. 32) is GRANTED.

IT IS SO ORDERED.

DATED this 9h day of December, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[3] Albertson's does not argue that its delay was harmless.  Baskerville would be harmed if Mr. Swainston is not stricken: she did not depose him (ECF No. 37) and this court has ordered discovery closed (ECF No. 36).